# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JONATHAN MONCADA,<br><br>                        Petitioner,<br>    v.<br>RUSSELL PERRY, *et al.*,<br><br>                       Respondents. | Case No. 3:19-cv-00231-MMD-CBC<br><br>ORDER |

The Court notes at the outset that no courtesy copies—except as specified at the conclusion of this order—are required in this case at this time.

Petitioner Jonathan Moncada has filed a 28 U.S.C. § 2254 habeas corpus petition (ECF No. 1-1). His application to proceed in forma pauperis is granted. The Court has reviewed the petition pursuant to Habeas Rule 4, and will order that it be served on Respondents.

A petition for federal habeas corpus should include all claims for relief of which Petitioner is aware. If Petitioner fails to include such a claim in his petition, he may be forever barred from seeking federal habeas relief upon that claim. *See* 28 U.S.C. §2254(b) (successive petitions). If Petitioner is aware of any claim not included in his petition, he should notify the Court of that as soon as possible, perhaps by means of a motion to amend his petition to add the claim.

Petitioner has also submitted a motion for appointment of counsel (ECF No. 1-2). There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir.1993). The decision to appoint counsel is generally discretionary. *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), *cert. denied*, 469

U.S. 838 (1984). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. *See Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir. 1970). Here, Petitioner explains that another inmate assisted him in preparing his petition (ECF No. 1-2). However, Petitioner's petition clearly presents the issues that he wishes to raise, and the legal issues do not appear to be particularly complex. Therefore, counsel is not justified. Petitioner's motion for appointment of counsel is denied.

It is therefore ordered that Petitioner's application to proceed in forma pauperis (ECF No. 1) is granted.

It is further ordered that the Clerk of Court will detach, file and electronically serve the petition (ECF No. 1-1) on the Respondents.

It is further ordered that the Clerk of Court will add Aaron D. Ford, Nevada Attorney General, as counsel for Respondents.

It is further ordered that the Clerk of Court will detach and file Petitioner's motion for appointment of counsel (ECF No. 1-2).

It is further ordered that Petitioner's motion for appointment of counsel is denied.

It is further ordered that Respondents must file a response to the petition, including potentially by motion to dismiss, within 90 days of service of the petition, with any requests for relief by Petitioner by motion otherwise being subject to the normal briefing schedule under the local rules. Any response filed must comply with the remaining provisions below, which are entered pursuant to Habeas Rule 5.

It is further ordered that any procedural defenses raised by Respondents in this case must be raised together, in a single consolidated motion to dismiss. In other words, the court does not wish to address any procedural defenses raised herein either in seriatum fashion in multiple successive motions to dismiss or embedded in the answer. Procedural defenses omitted from such motion to dismiss will be subject to potential

waiver. Respondents may not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If Respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they must do so within the single motion to dismiss not in the answer; and (b) they must specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005). In short, no procedural defenses, including exhaustion, may be included with the merits in an answer. All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

It is further ordered that, in any answer filed on the merits, Respondents will specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

It is further ordered that Petitioner will have 45 days from service of the answer, motion to dismiss, or other response to file a reply or opposition, with any other requests for relief by Respondents by motion otherwise being subject to the normal briefing schedule under the local rules.

It is further ordered that any additional state court record exhibits filed herein by either Petitioner or Respondents will be filed with a separate index of exhibits identifying the exhibits by number. The CM/ECF attachments that are filed further must be identified by the number or numbers of the exhibits in the attachment.

///
///
///
///
///
///
///

It is further ordered that, at this time, the parties must send courtesy copies of any responsive pleading or motion and all indices of exhibits only to the Reno Division of this court. Courtesy copies must be mailed to the Clerk of Court, 400 S. Virginia St., Reno, NV, 89501, and directed to the attention of "Staff Attorney" on the outside of the mailing address label. No further courtesy copies are required unless and until requested by the Court.

DATED THIS 24th day of June 2019.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE