UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JONATHAN MONCADA,<br><br>    Petitioner,<br> v.<br><br>RUSSELL PERRY, *et al.*,<br><br>    Respondents. | Case No. 3:19-cv-00231-MMD-CLB<br><br>ORDER |

**I. SUMMARY**

This is a habeas corpus action brought under 28 U.S.C. § 2254 by Petitioner Jonathan Moncada, a Nevada prisoner. Before the Court is Respondents' Motion to Dismiss (ECF No. 32) the First Amended Petition for Writ of Habeas Corpus (ECF No. 25)[1]. Also before the Court is Moncada's Motion for a Stay and Abeyance. (ECF No. 49[2].) For the reasons discussed below, the Court grants the Motion for a Stay and Abeyance and denies the Motion to Dismiss without prejudice.

**II. BACKGROUND**

 **A. State-Court Proceedings**

Moncada challenges two separate convictions imposed by the Fifth Judicial District Court for Nye County, Nevada. (ECF Nos. 8-34, 8-35.) In September 2014, Moncada pled guilty to one count of grand larceny of a motor vehicle and one count of offense involving stolen property. (ECF Nos. 8-34 at 2, 8-35 at 2.) The first charge stemmed from Moncada's alleged theft of a 1995 Chevrolet Blazer; in the second charge

---

[1] Moncada opposes the motion (ECF No. 37), and Respondents have replied (ECF No. 47).

[2] Respondents oppose the requested stay (ECF No. 51), and Moncada has replied (ECF No. 53).

the State alleged that Moncada "unlawfully ha[d] in his possession a 1992 Chevrolet truck" that belonged to another person. (ECF Nos. 8-10, 8-11.)

The plea agreement reflected that Moncada faced a term of one to five years in custody for each count. (ECF No. 8-12 at 3.) The agreement also provided that "the State [would] be free to argue for any legal sentence and term of confinement," including "any increased punishment as a[ ] habitual criminal," if "an independent magistrate, by affidavit review, confirm[ed] probable cause against [Moncada] for new criminal charges." (*Id.* at 2-3.) Following his guilty plea, Moncada was released on his own recognizance. (ECF No. 8-13 at 7-8.)

Approximately two months later, Moncada was arrested on a new charge of offense involving stolen property. (ECF No. 8-16 at 3.) The State therefore filed a notice of intent to seek sentencing treatment as a habitual criminal, as well as amended informations reflecting the habitual criminal charges. (ECF Nos. 8-16, 8-20, 8-21.) In May 2015, the state district court adjudicated Moncada a habitual criminal and sentenced him to two consecutive terms of 10 to 25 years in prison. (ECF Nos. 8-34 at 3, 8-35 at 3.)

Moncada appealed, and the Nevada Court of Appeals affirmed both convictions. (ECF Nos. 9-14, 9-24, 9-29, 9-33.) In October 2016, Moncada filed a state habeas petition. (ECF No. 9-38.) Following the appointment of counsel, Moncada filed a supplemental petition. (ECF No. 10-3.) The district court denied relief. (ECF No. 10-9.) On appeal, the Nevada Court of Appeals affirmed in part and reversed in part, remanding to the district court for an evidentiary hearing on "whether [Moncada's trial counsel] properly explained to Moncada prior to entry of his guilty plea the potential consequences arising from imposition of the habitual criminal enhancement." (ECF Nos. 10-29 at 6, 10-30 at 6-7.)

After holding an evidentiary hearing, the district court again denied relief. (ECF No. 33-9.) Moncada appealed this decision, and the Nevada Court of Appeals affirmed. (ECF Nos. 33-17, 33-18, 33-25.) Remittitur was issued on April 12, 2021. (ECF Nos. 33-33, 33-34.)

### B. Federal Habeas Proceedings

In May 2019, Moncada submitted a *pro se* federal habeas petition. (ECF No. 1-1.) Counsel was appointed, and the case was stayed while Moncada pursued his second appeal of the denial of his state habeas petition. (ECF Nos. 16, 20.) Shortly after remittitur was issued, the Court reopened the case, and Moncada filed a counseled First Amended Petition, alleging 14 grounds for relief. (ECF Nos. 23, 25.)

Respondents moved to dismiss, arguing primarily that all but one of Moncada's grounds were unexhausted. (ECF No. 32 at 7-15.) In response, Moncada conceded that Grounds 2 through 9, as well as Ground 14, were unexhausted because he had never presented them to the state courts. (ECF No. 37 at 7.) Moncada argued, however, that these grounds should be deemed technically exhausted because a new state habeas petition raising the claims "would be procedurally barred." (*Id.*) Moncada contended that he could overcome the procedural default of these grounds under *Martinez v. Ryan*, 566 U.S. 1 (2012), because the defaulted grounds were "substantial claims of trial counsel ineffectiveness that his postconviction counsel was ineffective for failing to raise in the postconviction proceedings." (*Id.* at 8.) Moreover, Moncada argued that Ground 12 was exhausted, but that if the Court disagreed, Ground 12 should also be deemed technically exhausted based on a procedural default that he could overcome under *Martinez*. (*Id.* at 5, 31-33.)

Two months after Moncada filed his opposition, the Supreme Court decided *Shinn v. Ramirez*, 142 S. Ct. 1718 (2022). *Ramirez* held that, unless a petitioner can satisfy the "stringent requirements" of 28 U.S.C. § 2254(e)(2), "a federal habeas court may not conduct an evidentiary hearing or otherwise consider evidence beyond the state-court record based on ineffective assistance of state postconviction counsel." *Id.* at 1734, 1739. Citing *Ramirez*, Respondents argued for the first time in their reply brief that Grounds 2 through 5, as well as Ground 12, should be dismissed because they rely on new evidence that "was not part of the state court record" and thus cannot be considered on federal habeas review. (ECF No. 47 at 4-5.)

Moncada subsequently moved to stay and abey this case so that he could raise Grounds 2, 3, 4, 5, and 12 in state court. (ECF No. 49.) Although he continues to acknowledge that he did not present Grounds 2 through 5 in state court, Moncada now asks that the Court *not* consider them technically exhausted. (*Id.* at 6.) Instead, Moncada seeks to raise Grounds 2 through 5, as well as Ground 12, in a new state habeas petition that includes the "new evidence" supporting those grounds. (*Id.*) According to Moncada, such a petition would "not be futile" because he could raise non-*Martinez*-based arguments in state court to excuse the procedural default of his unexhausted claims.[3] (ECF No. 53 at 3.)

### III.   DISCUSSION

A stay and abeyance is appropriate in this case. Accordingly, the Court grants Moncada's Motion for a Stay and Abeyance (ECF No. 49) and denies without prejudice Respondents' Motion to Dismiss (ECF No. 32).

Federal courts may not grant a writ of habeas corpus brought by a person in custody pursuant to a state-court judgment unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). This exhaustion requirement is "grounded in principles of comity" as it gives states "the first opportunity to address and correct alleged violations of state prisoner's federal rights." *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). In general, a federal district court must dismiss an unexhausted petition without prejudice. *Id.* (noting that the Supreme Court "has long held that a state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims"); *Castille v. Peoples*, 489 U.S. 346, 349 (1989) (habeas petitions should be dismissed if state remedies have not been exhausted as to any federal claims).

---

[3]The Court acknowledges that Moncada continues to maintain that he exhausted Ground 12. (ECF No. 49 at 2.) The Court need not—and does not—address here whether Ground 12 was in fact exhausted. *See Greene v. McDaniel*, Case No. 2: 07-cv-0304-RLH-GWF, 2009 WL 311168, at *3 (D. Nev. Feb. 6, 2009) (noting that "the efficient approach is for the court to address petitioner's motion for stay and abeyance before reaching respondents' exhaustion arguments as to each individual claim").

4

A district court is authorized to stay an unexhausted petition in "limited circumstances," to allow a petitioner to present unexhausted claims to the state court without losing his right to federal habeas review due to the relevant one-year statute of limitations. *Rhines v. Weber*, 544 U.S. 269, 273-75 (2005); *Mena v. Long*, 813 F.3d 907, 912 (9th Cir. 2016) (holding that district courts have authority to stay and hold in abeyance both mixed petitions and "fully unexhausted petitions under the circumstances set forth in *Rhines*"). Under the *Rhines* test, "a district court must stay a mixed petition only if: (1) the petitioner has 'good cause' for his failure to exhaust his claims in state court; (2) the unexhausted claims are potentially meritorious; and (3) there is no indication that the petitioner intentionally engaged in dilatory litigation tactics." *Wooten v. Kirkland*, 540 F.3d 1019, 1023 (9th Cir. 2008) (citing *Rhines*, 544 U.S. at 278).

The Ninth Circuit has acknowledged that the *Rhines* "good cause" standard does not require "extraordinary circumstances." *Wooten*, 540 F.3d at 1024 (citing *Jackson v. Roe*, 425 F.3d 654, 661-62 (9th Cir. 2005)). But courts "must interpret whether a petitioner has 'good cause' for a failure to exhaust in light of the Supreme Court's instruction in *Rhines* that the district court should only stay mixed petitions in 'limited circumstances.'" *Id.* (citing *Jackson*, 425 F.3d at 661). Courts must also "be mindful that AEDPA aims to encourage the finality of sentences and to encourage petitioners to exhaust their claims in state court before filing in federal court." *Id.* (citing *Rhines*, 544 U.S. at 276-77).

The Court has declined to prescribe the strictest possible standard for issuance of a stay. *See, e.g.*, *Riner v. Crawford*, 415 F. Supp. 2d 1207, 1210 (D. Nev. 2006). "[G]ood cause under *Rhines*, at least in this Circuit, should not be so strict a standard as to require a showing of some extreme and unusual event beyond the control of the defendant." *Id.* Thus, a "petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court." *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005). Ineffective assistance of postconviction counsel or a lack of counsel can also constitute good cause. *See Blake v. Baker*, 745 F.3d 977, 982-83 (9th

Cir. 2014); *Dixon v. Baker*, 847 F.3d 714, 721 (9th Cir. 2017) (a "statement that 'there was no counsel' in [the petitioner's] state post-conviction case is sufficient to establish good cause" (quoting *Martinez*, 566 U.S. at 17)). Moreover, "[i]f a [*Rhines*] stay is warranted with respect to any single claim, the court need not conduct a claim-by-claim analysis regarding the remaining claims." *Archanian v. Gittere*, Case No. 3:19-cv-00177-APG-CLB, 2019 WL 6499113, at *2 (D. Nev. Dec. 3, 2019).

Moncada has shown good cause for his failure to exhaust his claims in state court. In Grounds 2, 3, 4, 5, and 12, Moncada alleges that his trial counsel was ineffective for (i) "negotiating a plea agreement that allowed the State to seek habitual sentencing based on a finding of probable cause solely on an affidavit review by a judge" (Ground 2); (ii) failing to explain this provision of the plea agreement to Moncada (Ground 3); (iii) failing to explain to Moncada "the range of punishment" he faced (Ground 4); (iv) failing to "conduct an adequate investigation to support" a motion to recuse the prosecutor's office (Ground 5); and (v) representing Moncada despite having a conflict of interest (Ground 12). (ECF No. 25 at 16-38, 65-69.) According to Moncada, the attorney who handled his state habeas action performed ineffectively by failing to raise these claims. (ECF No. 49 at 4.) Moncada's showing of good cause is not "a bare allegation of state postconviction [ineffective assistance], but a concrete and reasonable excuse, supported by evidence that his state post-conviction counsel failed to" present substantial claims to the state courts. *Blake*, 745 F.3d at 983.

Moncada has also established that "at least one of his unexhausted claims is not 'plainly meritless.'" *Dixon*, 847 F.3d at 722 (quoting *Cassett v. Stewart*, 406 F.3d 614, 624 (9th Cir. 2005)). "In determining whether a claim is 'plainly meritless,' principles of comity and federalism demand that the federal court refrain from ruling on the merits of the claim unless 'it is perfectly clear that the petitioner has no hope of prevailing.'" *Id.* Grounds 2, 3, 4, 5, and 12 are not plainly meritless. In Ground 3, for example, Moncada alleges that his trial counsel rendered ineffective assistance by failing to inform him that the plea agreement "meant, essentially, that if [he] was simply arrested he would be

facing an enhanced sentence." (ECF No. 25 at 25.) Moncada alleges that "[h]ad counsel sufficiently explained this provision, there is a reasonable probability [he] would have rejected the plea and decided to proceed to trial." (*Id.*) The Court cannot say "it is perfectly clear that [Moncada] has no hope of prevailing" on this claim. *Dixon*, 847 F.3d at 722 (quoting *Cassett*, 406 F.3d at 624).

Finally, there is no indication that Moncada has "intentionally engaged in dilatory litigation tactics." *Wooten*, 540 F.3d at 1023 (citing *Rhines*, 544 U.S. at 278); *see also Rosales v. Byrne*, Case No. 3:16-cv-00003-RCJ-WGC, 2019 WL 1177967, at *3 (D. Nev. Mar. 11, 2019) ("While it perhaps is not inconceivable that a noncapital habeas petitioner might engage in intentionally dilatory tactics, the relevance of this factor, as a practical matter, largely is restricted to capital cases.").

Respondents do not argue that Moncada fails to satisfy the three *Rhines* factors. Instead, they contend that a *Rhines* stay is inappropriate because a new state habeas petition raising Grounds 2, 3, 4, 5, and 12 would be procedurally barred as untimely and successive. (ECF No. 51 at 4-5.) *See* NRS §§ 34.726, 34.810. Thus, according to Respondents, a return to state court would be a "futile exercise." (ECF No. 51 at 4.)

Respondents are correct that Moncada would face several procedural bars if he returned to state court to raise his unexhausted claims. But Nevada's procedural bars may be excused upon a showing of cause and prejudice or actual innocence. *See* NRS §§ 34.726(1), 34.810(3). And, apart from the *Martinez* exception,[4] Nevada's cause-and-prejudice standards are substantially similar to the federal standards. Given the similarity of the standards, virtually any argument that a petitioner might present in federal court to overcome a procedural default can be presented to the state courts in the first instance. Thus, unless a petitioner relies solely on *Martinez* to excuse a procedural default, the state courts should generally have the first opportunity to consider the application of

---

[4]*Martinez* held that the ineffective assistance of counsel in an initial-review collateral proceeding may establish cause excusing the procedural default of a claim of ineffective assistance of trial counsel. 566 U.S. at 9. The Nevada Supreme Court has expressly declined to follow the *Martinez* exception to excuse state procedural bars. *Brown v. McDaniel*, 331 P.3d 867, 871-75 (Nev. 2014) (en banc).

conclusive procedural bars. *Cf. Gonzalez v. Wong*, 667 F.3d 965, 980 (9th Cir. 2011) (noting that, in the circumstances presented, a stay was appropriate because it provided the state courts with the first opportunity to resolve the claim).

Here, Moncada does not rely solely on *Martinez* to establish cause for his procedural defaults. He also contends that he can excuse the default of Ground 5 by establishing that the state prosecutor's office suppressed some of the evidence supporting the claim—namely, that a third party "told someone who worked in the prosecutor's office and tried to tell the police that Moncada was innocent." (ECF No. 53 at 3.) The Nevada Supreme Court has "acknowledged that a *Brady* violation may provide good cause and prejudice to excuse the procedural bars to a post-conviction habeas petition." *Lisle v. State*, 351 P.3d 725, 728 (Nev. 2015) (citation omitted). Moncada also contends that he can excuse the default of Ground 5 by arguing that the claim relies on new evidence that "was previously unavailable" to him. (ECF No. 53 at 3.) Under Nevada law, cause "may be demonstrated by a showing that the factual . . . basis for a claim was not reasonably available to counsel." *Hathaway v. State*, 71 P.3d 503, 506 (Nev. 2003) (internal quotation marks and citation omitted). The state courts should have the opportunity to consider these cause-and-prejudice arguments in the first instance. *See Taylor v. McDaniel*, Case No. 3:08-cv-00401-ECR, 2011 WL 1322783, at *4 (D. Nev. Apr. 5, 2011) (noting that "it does not appear" that "procedural default is an appropriate inquiry as to the [*Rhines*] stay analysis" because "comity weighs strongly in favor of the state courts being given the first opportunity to consider the claims and the application of any state procedural bars").

Thus, the Court will stay this action pending exhaustion of the unexhausted grounds in the First Amended Petition. *See Hunter v. Baca et al.*, Case No. 3:18-cv-00166-HDM-CLB, ECF No. 54 (D. Nev. July 12, 2022) (granting unopposed motion to stay habeas action to allow petitioner to present unexhausted ineffective-assistance claims—and the new evidence supporting those claims—in new state habeas petition).

In light of the stay, the Court will also deny without prejudice Respondents' Motion to Dismiss. Once the stay is lifted, Respondents may reassert any appropriate defenses.

## IV. CONCLUSION

It is therefore ordered that Moncada's Motion for a Stay and Abeyance (ECF No. 49) is granted.

It is further ordered that this action is stayed pending exhaustion of the unexhausted grounds in the First Amended Petition.

It is further ordered that the grant of a stay is conditioned upon Moncada litigating his state postconviction petition or other appropriate proceeding in state court and returning to federal court with a motion to reopen within 45 days of issuance of the remittitur by the Supreme Court of Nevada at the conclusion of the state-court proceedings.

It is further ordered that Respondents' Motion to Dismiss (ECF No. 32) is denied without prejudice to the reassertion of any and all defenses then applicable following the stay.

It is further ordered that Moncada's Motion for Leave to File Surreply (ECF No. 48) in opposition to the Motion to Dismiss is denied as moot.

The Clerk of Court is directed to administratively close this action, until such time as the Court grants a motion to reopen the matter.

DATED THIS 23rd Day of August 2022.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE